Paul M. Huston (SBN 281881)
pmhuston@mintz.com
Nicole M. Rivers (SBN 309450)
nmrivers@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road Suite 300
San Diego, CA 92130
Telephone:  858.314.1500
Facsimile:   858.314.1501
Attorneys for Defendant,
HAVAS WORLDWIDE SAN FRANCISCO, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA SROUJI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HAVAS WORLDWIDE SAN FRANCISCO, LLC, a Delaware limited liability company; and DOES 1 through 99, inclusive,<br><br>Defendants. | Case No. 2:24-cv-4141<br><br>**NOTICE OF REMOVAL BY DEFENDANT HAVAS WORLDWIDE SAN FRANCISCO, LLC** |

**NOTICE OF REMOVAL BY DEFENDANT HAVAS WORLDWIDE SAN FRANCISCO, LLC**

**TO THE CLERK OF THE COURT**:

PLEASE TAKE NOTICE that Defendant Havas Worldwide San Francisco, LLC ("Havas") hereby removes to this Court the state court action described below.

## Background Information

1.    On April 4, 2024, Plaintiff Tina Srouji ("Srouji") filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of Los Angeles, against Havas and 99 Doe defendants, captioned: *Tina Srouji v. Havas Worldwide San Francisco, LLC et al.*, Case No. 24STCV08476 (the "State Court Action"). True and correct copies of the Summons and Complaint, as well as the additional documents served on Havas, are attached as **Exhibit A**.

2.    In the Complaint, Srouji alleges the following causes of action: (1) retaliation in violation of Labor Code §1102.5; (2) discrimination in violation of the California Fair Employment and Housing Act ("FEHA") on the basis of disparate impact; (3) discrimination in violation of FEHA on the basis of failure to provide reasonable accommodations; (4) discrimination in violation of FEHA on the basis of failure to engage in the interactive process; (5) retaliation in violation of FEHA; (6) failure to prevent discrimination or retaliation; (7) violation of the California Family Rights Act ("CFRA"); (8) retaliation in violation of CFRA; and (9) wrongful termination in violation of public policy.

## The Parties

3.    Srouji is an individual who resides in Los Angeles County, California, and worked for Havas from 2022 to 2023 in Los Angeles County, California. *See e.g.* Complaint, ¶¶ 9, 10.

4.    Havas is a limited liability company organized under the laws of Delaware. Declaration of Matithyohu Balas ("Balas Dec.") at ¶ 5. Havas has one member, which is incorporated in Delaware with a principal place of business located outside of California. *Id*. at ¶¶ 6-7.

- 1 -

**NOTICE OF REMOVAL BY DEFENDANT HAVAS WORLDWIDE SAN FRANCISCO, LLC**

**Timeliness of Removal**

5.     The Summons and Complaint for the State Court Action were served on Havas on April 17, 2024.   A true and correct copy of the Proof of Service filed in Los Angeles County Superior Court is attached as **Exhibit B**.   This Notice of Removal is timely filed within 30 days after receipt of a triggering document.   28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Strining, Inc.*, 526 U.S. 344 (1999).

**Venue**

6.     Venue is appropriate in the United States District Court for the Southern District of California under 28 U.S.C. section 1441(a), as this removal is brought in the district in which the matter was pending in state court.

**Diversity Jurisdiction**

7.     There is complete diversity of citizenship between Srouji and Havas.   28 U.S.C. § 1332(a)(1).

8.     Havas is now, and was at the time of the filing of this action, a limited liability company organized and existing under the laws of the State of Delaware. Balas Dec., ¶ 5.   Its sole member, Havas Creative Inc. ("Havas Creative"), is incorporated in Delaware and maintains a registered office is in New York.   *Id.* at ¶¶ 6-7.   Each member of Havas Creative's board of directors resides outside of California and, as a result, board meetings are held outside of California.   *Id.*  at ¶ 7. Further, each of its U.S.-based officers responsible for significant corporate decisions resides outside California.   *Id.*   Accordingly, Havas' citizenship for purposes of establishing diversity jurisdiction is outside of the State of California because the actual center of direction, control, and coordination of Havas Creative's major corporate functions is outside of California.   *Id.*; *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 470 (9th Cir. 2018) (holding that a holding company's principal place

- 2 -

**NOTICE OF REMOVAL BY DEFENDANT HAVAS WORLDWIDE SAN FRANCISCO, LLC**

of business is the place where it holds its board meetings absent contrary evidence); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

9.    Srouji is now, and was at the time of the filing of this action, a citizen of the State of California as evidenced by the allegations of her Complaint. *See e.g.* Complaint, ¶¶ 9-10.

10.    The citizenship of the Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

11.    Although Havas denies any liability to Srouji, the Complaint places more than $75,000 in controversy.

12.    Specifically, Srouji's Prayer for Relief requests $1,000,000 in compensatory damages, attorneys' fees and costs, $10,000,000 in punitive or exemplary damages, costs of suit, statutory penalties, prejudgment interest, and additional damages in unspecified amounts, for a total of over $11,000,000. *See* Complaint, at Prayer for Relief.  Srouji also filed a Statement of Damages, which requests a total of $68,600,000 in general, special, and punitive damages.  A true and correct copy of the Statement of Damages is attached as **Exhibit C**.

13.    Based on the foregoing, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et. seq.* because: (1) this is a civil action pending within the jurisdiction of this Court; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

- 3 -

**NOTICE OF REMOVAL BY DEFENDANT HAVAS WORLDWIDE SAN FRANCISCO, LLC**

**Conclusion**

14.   The State Court Action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331.

15.   By filing this Notice of Removal, Havas does not waive any defense that may be available to it, including defects as to service of process, venue, or jurisdiction.

16.   If any questions arise to the proprietary of the removal of the State Court Action, Havas requests the opportunity to present evidence, a brief, oral argument, or all three.

17.   The filing of this Notice of Removal effects the removal of this action pending in the Los Angeles County Superior Court, California to this Court.

Dated:  May 17, 2024                    Respectfully submitted,
                                        MINTZ LEVIN COHN FERRIS GLOVSKY
                                        AND POPEO P.C.


                                        */s/ Nicole M. Rivers*
                                        By:  PAUL M. HUSTON
                                             NICOLE M. RIVERS

                                             Attorneys for Defendant
                                             HAVAS WORLDWIDE SAN
                                             FRANCISCO, LLC

- 4 -

**NOTICE OF REMOVAL BY DEFENDANT HAVAS WORLDWIDE SAN FRANCISCO, LLC**